**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TYQUAN D. GIBBS,<br><br>Plaintiff,<br><br>v.<br><br>LIL DURK, *et al.*,<br><br>Defendant. | No. 26cv4008 (EP) (AME)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Tyquan D. Gibbs brings this action against Defendants Lil Durk and others. D.E. 1 ("Complaint"). As best as the Court can tell, Plaintiff asserts civil rights claims arising from alleged conduct involving the Prudential Center and several New Jersey medical providers. Plaintiff has also filed an application to proceed *in forma pauperis* ("IFP"), D.E. 1-1 ("IFP Application"), and a motion to change venue to the United States District Court for the District of Columbia, D.E. 5 ("Venue Motion"). Because Plaintiff has failed to submit the financial information required to proceed IFP, the Court will **DENY** his IFP Application ***without prejudice*** and will not reach the merits of his Venue Motion at this time.

## I. ANALYSIS

Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). To establish such need, a litigant must file in good faith an affidavit stating, among other things, that he or she is unable to pay the costs of the lawsuit. *See Owens v. Jeneby*, No. 24-11222, 2025 WL 1393205, at *1 (D.N.J. May 14, 2025). A plaintiff's failure to provide the financial information necessary to evaluate his ability to pay

renders an IFP application incomplete. *Id.*; *see also Rohn v. Johnston*, 415 F. App'x 353, 355 (3d Cir. 2011).

A prisoner seeking to proceed IFP must also submit "a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Here, Plaintiff submitted the Court's prisoner IFP form, including a certification signed by a prison official. *See* IFP Application. But he did not submit the required certified copy of his inmate trust fund account statement for the six-month period preceding the filing of the Complaint. *Id.* Plaintiff therefore has not satisfied § 1915(a)(2), and without the account statement, the Court cannot determine his financial status or calculate any initial partial filing fee required under § 1915(b). *See Coles v. New Jersey Dep't of Corr.*, No. 26-3476, 2026 WL 928596, at *1 (D.N.J. Apr. 6, 2026) (denying IFP application where plaintiff failed to submit a certified six-month account statement signed by an appropriate prison official).

Accordingly, the Court will **DENY** Plaintiff's IFP Application ***without prejudice***. *See Rohn*, 415 F. App'x at 355. The Court will provide Plaintiff **30 days** to either pay the required filing fee or submit a complete IFP application with the required certified account statement.[1] Because Plaintiff has not satisfied the threshold filing fee requirement, the Court will not address his Venue Motion at this time. Accordingly, the Venue Motion will be **DENIED** ***without prejudice*** to renewal if this matter is reopened.

[1] Because the Court has not granted Plaintiff IFP status, the Court will not screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court notes, however, that the Complaint is difficult to discern and lacks meaningful context regarding Plaintiff's claims and the allegations against each Defendant.

## II. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS**, on this **9th** day of October, 2026,

**ORDERED** that the Clerk of Court shall mark the Complaint, D.E. 1, as received; and it is further

**ORDERED** that Plaintiff's IFP Application, D.E. 1-1, is **DENIED *without prejudice***; and it is further

**ORDERED** that Plaintiff has **30 days** from the date of this Order to either pay the required filing fee or submit an amended IFP Application that includes a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of the Complaint, as required by 28 U.S.C. § 1915(a)(2); and it is further

**ORDERED** that Plaintiff's Venue Motion, D.E. 5, is **DENIED *without prejudice*** to renewal if this matter is reopened; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter, subject to reopening by the Court upon Plaintiff's timely filing of an amended IFP Application. If Plaintiff fails to timely file an amended IFP Application, the Complaint may be dismissed ***without prejudice*** under Federal Rule of Civil Procedure 41(b) for failure to prosecute; and it is finally

**ORDERED** that the Clerk of Court shall send a copy of this Order to Plaintiff by regular mail.

Evelyn Padin, U.S.D.J.